UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | Civil Action No. |
| | § | |
| $15,000.00 in U.S. Currency, | § | |
| Defendant | § | |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America files this action for forfeiture and alleges upon information and belief:

*Nature of the Action*

1. This is an action to forfeit property to the United States pursuant to 21 U.S.C. § 881(a)(6).

*Defendant Property*

2. The Defendant is $15,000.00 in United States currency (the "Defendant Property").

3. On or about October 19, 2017, law enforcement officers seized the Defendant Property from Domonick Jones in Houston, Texas. The Defendant Property is currently in a bank account in the custody of the United States Marshals Service.

4. On or about December 26, 2017, Danielle J. Hill submitted a claim to the Drug Enforcement Administration (hereinafter "DEA") contesting administrative forfeiture of the Defendant Property.

*Jurisdiction and Venue*

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(I), 1391(b), and 1395.

*Statutory Basis for Forfeiture*

7. The Defendant Property is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all moneys furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et. seq.*), all proceeds traceable to such an exchange, and all money used or intended to be used to facilitate any violation of the Controlled Substances Act.

*Facts*

8. On or about October 19, 2017, Domonick Jones (hereinafter "Jones") took a commercial flight from Cincinnati, Ohio to George Bush Intercontinental Airport, Houston, Texas, for a connecting flight to Los Angeles, California. After the aircraft arrived in Houston, Jones got off the plane. According to Officer R.G. Reeves (hereinafter "Reeves") of the Houston Police Department (hereinafter "HPD"), Jones walked away from the gate and appeared nervous as he looked over his shoulder several times as if trying to detect law enforcement surveillance.

9. Reeves approached Jones, showed his police credentials and badge, and asked to speak with him. Jones consented.

10. Reeves asked Jones where he was traveling. Jones said that he was on his way to Los Angeles, California. When asked for his plane ticket and form of identification, Jones produced a plane ticket and Kentucky driver's license that bore his name and likeness. When asked how long he was going to be in California, Jones said he was going to be there a long time, maybe a month. After examination, Reeves handed the ticket and driver's license back to Jones and noticed that Jones' hands were shaking.

11. Reeves advised Jones that he is a narcotics officer who approaches passengers to determine whether they may be transporting drugs and/or large sums of money. When asked if he had any drugs in his bags, Jones said no. When asked if he was traveling with a large amount of money, Jones hesitated, looked up to the ceiling, and said yes. Jones said he had about $10,000.00 in his possession. It appeared to Reeves that Jones did not know how much money he was carrying.

12. Reeves asked permission to search Jones' bags. Jones consented. Jones told Reeves that the money was in his backpack. Reeves unzipped the backpack and immediately detected a strong odor of what he recognized from training and experience to be marijuana. Upon searching the backpack, Reeves found a stack of U.S. currency (Defendant Property) that was rubber-banded together.

13. Jones agreed to accompany Reeves to the HPD airport office for further investigation. While walking there, Reeves asked Jones what he did for a living. Jones said he sells African products such as soaps and oils at flea markets, door to door, and through word of mouth referrals. He did not have business cards or other documents to

support his claim.  He told Reeves he earns approximately $30,000.00 per year, but has never paid taxes on his income.

14.     After arriving at the HPD office, Reeves again asked Jones how much money he was carrying.  Jones said $10,000.00 or $11,000.00, as if Jones did not know exactly how much cash he was carrying.  Reeves also asked Jones how long he was going to be in California.  Jones said one week, instead of approximately one month as previously stated.  When asked who he was going to stay with, Jones said with his cousin "Juan."  When asked for Juan's last name and telephone number, Jones said he did not know.

15.     Reeves asked Jones why he was traveling to California. Jones said he was going there to attend a "swap meet" to buy more African soaps and oils to sell in Kentucky where he lives.  When asked for the location of the swap meet, Jones said he did not know.  Reeves asked Jones what he intended to do with the money he was carrying.  Jones said he was going to spend approximately $6,500.00 to buy African products, use some for living expenses, and spend the rest to return home. Jones said that all the money in the backpack was his.

16.     Finally, Reeves asked Jones whether he had ever been arrested.  Jones said he was arrested for possession of crack cocaine and confined, and possession of synthetic marijuana, a charge that remains pending. When asked whether he had received permission from his probation officer to travel to California, Jones said yes.  In fact, Jones did not get permission to travel to California. He was convicted on September 27, 2011, for trafficking cocaine in Fayette County, Kentucky, and sentenced to one year confinement.  He was also put on probation until August 1, 2019.  Jones failed to appear to the probation office as

required on November 1, 2017, and a warrant for his arrest was issued. In addition to the cocaine trafficking conviction, Jones was arrested on February 17, 2017 for possession of synthetic marijuana. That charge remains pending.

17. Prior to the termination of the interview, Reeves searched Jones' backpack and retrieved $15,000.00.

18. A canine searched and alerted to the odor of an illegal controlled substance emanating from the money.

19. The Defendant Property constitutes money furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, or money used or intended to be used to facilitate a violation of the controlled Substances Act.

*Notice to Any Potential Claimants*

YOU ARE HEREBY NOTIFIED that if you assert an interest in Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirement set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, and a copy must be

served upon the undersigned Assistant United States Attorney at United States Attorney's Office 1000 Louisiana, Suite 2300, Houston, Texas 77002.

*Requested Relief*

Wherefore, the United States of America prays that judgment of forfeiture be entered against the $15,000.00 in favor of the United States of America under 21 U.S.C. § 881(a)(6) in addition to such costs and other relief to which the United States of America may be entitled.

          Respectfully submitted,

          Ryan K. Patrick
          United States Attorney

By:   s/Abe Martinez
      Abe Martinez
      Assistant United States Attorney
      United States Attorney's Office
      Southern District of Texas
      1000 Louisiana, Suite 2300
      Houston, TX 77002
      (713) 567-9349 (office)
      (832) 530-0459 (cell)
      abe.martinez@usdoj.gov

Verification

I, William D. Covey, a Special Agent with the United States Drug Enforcement Administration, hereby affirm and verify that the facts set forth in the foregoing Complaint for Forfeiture In Rem are true and correct to the best of my knowledge and belief.

William D. Covey
Special Agent
U.S. Drug Enforcement Administration

Sworn and subscribed before me, the undersigned authority, on March 26, 2018.

Notary Public in and for the State of Texas

My commission expires:



ROBERT SPECKMAN
NOTARY PUBLIC STATE OF TEXAS
MY COMM. EXP. 2/12/2020
NOTARY ID 13053611-5